**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4586**

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TRAVANTI ROBERTS,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-04-370)

—————————

Submitted:  March 22, 2006          Decided:  April 18, 2006

—————————

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant.
Rose Mary Parham, Assistant United States Attorney, Florence, South
Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Travanti Roberts was convicted, after a jury trial, of two counts of robbery, two counts of use of a firearm in furtherance of a crime of violence, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (c), (e), 1951(a) (2000). The court sentenced Roberts to 474 months' imprisonment.

Roberts' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal, but addressing whether the district court erred by denying several motions to suppress, by denying his challenge to a witness's testimony, and by denying his motion for judgment of acquittal challenging the sufficiency of the evidence. Roberts was notified of the opportunity to file a pro se supplemental brief, but chose not to do so.

Roberts' attorney first raises the issue of whether the court erred by denying his motion to suppress a video of Roberts' interrogation; he relies on Doyle v. Ohio, 426 U.S. 610 (1976). We conclude, however, that because Roberts did not remain silent, and the interrogator's comments were not used to impeach Roberts at trial based on his silence, Doyle does not apply. See United States v. Quinn, 359 F.3d 666, 677-78 (4th Cir. 2004).

Roberts also argues the interrogator's repeated suggestion that Roberts "think about that baby," referring to

Roberts' unborn child, was unduly coercive. To determine whether a statement was voluntarily made, this court must consider the "'totality of the circumstances,' including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987). Though "[a]n appellate court must make an independent determination on the issue of voluntariness[,] . . . the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous." Id. at 1072 (citations omitted). We conclude the interrogator's statements were not unduly coercive. See, e.g., United States v. Braxton, 112 F.3d 777, 780 (4th Cir. 1997) ("The mere existence of threats, violence, implied promises, improper influence, or other police activity . . . does not automatically render a confession involuntary").

Next, Roberts' attorney raises the issue of whether the court erred by denying Roberts' motion to suppress a diary left in the vehicle used in connection with the robberies. We review the district court's factual findings underlying a motion to suppress for clear error and its legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court construes the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d

- 3 -

542, 547 (4th Cir. 1998).  We conclude the diary entries are not hearsay, but are simply evidence that connects Roberts to the robberies.  Thus, there was no error.

Roberts next claims the district court erred under Fed. R. Evid. 404(b) by allowing a witness to testify regarding a robbery she participated in with Roberts four months prior to the charged robberies.  Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion.  See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).  A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational.  See United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies).  Evidentiary rulings are also subject to review for harmless error under Fed. R. Crim. P. 52, and any error will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (quoting United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995)).

Evidence of other crimes is not admissible to prove bad character or criminal propensity.  Fed. R. Evid. 404(b).  Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

- 4 -

mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. Id. We find the testimony at issue here was consistent with a common plan. Also, the limiting instruction provided an additional protection to Roberts. Therefore, the court did not abuse its discretion.

The final issue raised is whether the court erred in finding sufficient evidence to deny Roberts' Fed. R. Crim. P. 29 motion for judgment of acquittal. We review the district court's decision to deny a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to

- 5 -

support it." <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>Alerre</u>, 430 F.3d at 693 (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). After reviewing the record, and in light of the substantial evidence against Roberts, we find this issue is without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of the client's right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
